IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHERMAN L. SHAW, #A6014588, | ) | CIV. NO. 13-00673 HG/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | PURSUANT TO 28 U.S.C. §§ 1915A |
| vs. | ) | & 1915(e) |
| | ) | |
| DAVID LOUIE, KEITH M. | ) | |
| KANESHIRO, ARMINA A. CHING, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT
## PURSUANT TO 28 U.S.C. §§ 1915A & 1915(e)

Before the court is pro se Plaintiff Sherman L. Shaw's prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983.[1]  Plaintiff alleges that Hawaii Attorney General David M. Louie, Honolulu City and County ("C&C") Prosecutor Keith M. Kaneshiro, and Deputy Prosecutor Armina A. Ching ("Defendants") violated his constitutional rights by declining to prosecute an Oahu Community Correctional Center ("OCCC") employee after Plaintiff filed a complaint with the Hawaii Department of Public Safety's ("DPS") Sheriff Division.  Plaintiff complained that the OCCC employee had assaulted him on or about December 21, 2011. Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2).  Plaintiff is given leave to amend on or before January 20, 2014.

_____

[1] Plaintiff is proceeding in forma pauperis.  *See* ECF No. 4.

## I.  BACKGROUND

Plaintiff alleges that OCCC kitchen worker Guy Machguchi assaulted him on or about December 21, 2011.[2] Plaintiff says he filed an "incident statement of complaint" with the DPS Sheriff's Division thereafter, who allegedly informed the Department of the Attorney General and the C&C Prosecutor's Office about Plaintiff's allegations.  Compl., ECF No. 1. Plaintiff says that Attorney General Louie and Prosecutors Kaneshiro and Ching nonetheless declined to institute criminal proceedings against Machguchi.  Plaintiff asserts this violated his constitutional right of access to the court.  *See* Compl., ECF No. 1 at PageID #5-8.  Plaintiff names Defendants in their official and individual capacities and seeks unspecified injunctive relief and "what ever else this court redeems properly."  *Id.* at PageID #9.

## II.  LEGAL STANDARD

The court must screen all civil actions brought by prisoners relating to prison conditions and/or seeking redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous, malicious, fail to state a claim on which relief may

---

[2] Plaintiff has filed a separate civil rights complaint against Machguchi.  *See Shaw v. Machguchi*, Civ. No. 13-00548 JMS (D. Haw 2013).

2

be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

The court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe

3

those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to construe pro se filings liberally"). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### III. <u>DISCUSSION</u>

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A.   Prosecutorial Immunity

Plaintiff alleges that, although his claims that Machguchi assaulted him are true, Louie, Kaneshiro, and Ching refused to initiate prosecution against Machguchi.

State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Van de Kamp v. Goldstein*, 555 U.S. 335 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from a § 1983 suit for damages related to the

4

presentation of a criminal prosecution); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (holding that prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case).

Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (*en banc*). A prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. *Butz v. Economou*, 438 U.S. 478, 511 (1978); *see also Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) (discussing functional analysis in judicial immunity context). If the action was part of the judicial process, the prosecutor is entitled to absolute immunity regardless of whether he violated a plaintiff's constitutional rights. *See Scheuer v. Rhodes*, 416 U.S. 232, 242 (1974), *overruled on other grounds by Harlow v Fitzgerald*, 457 U.S. 800 (1982) ("Implicit in the idea that officials have some immunity -- absolute or qualified -- for their acts, is a recognition that they may err. The concept of immunity assumes this and goes on to assume that it is better to risk some error and possible injury from such error than not to decide or act at all."). The

prosecutor's intent "plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987).

First, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the discretion of the prosecutor, not the court. *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973) (holding that the prosecution of state officials for alleged violation of inmates' federal civil rights is left to the discretion of the United States Attorney). Nor do criminal statutes generally provide a private cause of action or a basis for civil liability. *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (stating that 18 U.S.C. §§ 241, 242 provide no private right of action and cannot form the basis for civil suit); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that the violation of a federal criminal statute does not provide for a private cause of action). Plaintiff has no constitutional right to enforce Hawaii's criminal statute or to compel the State or City to initiate prosecution against Machguchi.

Second, even if a constitutional right existed, Louie, Kaneshiro, and Ching are entitled to absolute immunity for

6

declining to prosecute a criminal action, *Roe v. San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997), as well as for initiating a prosecution and presenting a case, *Imbler*, 424 U.S. at 43.

Moreover, Plaintiff presents no facts suggesting that Defendants' decision was not intimately bound to the judicial process. Accepting Plaintiff's claims as true, Defendants' decision to refuse to prosecute Machguchi is subject to absolute prosecutorial immunity. And Plaintiff has no private cause of action to enforce Hawaii's criminal statutes. Plaintiff's claims against Defendants Louie, Kaneshiro and Ching are DISMISSED pursuant to 28 U.S.C. § 1915A(a)(2), for failing to state a cognizable claim for relief and as "seeking monetary relief from a defendant who is immune from such relief."

## IV. **LEAVE TO AMEND**

Plaintiff's Complaint is DISMISSED. Although amendment appears futile, Plaintiff may file an amended complaint on or before January 20, 2014, curing the deficiencies noted above if possible. If Plaintiff elects to file an amended complaint, it must contain short, plain statements explaining how Defendants violated his rights in light of the court's discussion. Plaintiff is reminded that an amended complaint's allegations may not "contradict[] any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th

Cir. 1990).  That is, an amended complaint cannot allege facts inconsistent with the challenged pleading.  *Id.* at 296-97.

The amended complaint must designate that it is the "First Amended Complaint," and must be retyped or rewritten in its entirety on court-approved forms; it may not incorporate any part of the original Complaint by reference.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).  Claims that are dismissed without leave to amend need not be repled in the amended complaint to preserve them for appeal.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).  However, "claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived."  *Id.* at 928.

## E.   28 U.S.C. § 1915(g)

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  If Plaintiff is unable to amend the Complaint to cure the deficiencies enumerated in this Order, this dismissal may count as a strike under 28 U.S.C. § 1915(g).

## V.   <u>CONCLUSION</u>

1.   The Complaint is DISMISSED for Plaintiff's failure to state a claim and as seeking relief against defendants who are immune from suit pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

2.   Plaintiff is granted leave to file an amended complaint on or before January 20, 2014, in compliance with this Order.

3.   The Clerk of Court is DIRECTED to forward a copy of the court's prisoner civil rights complaint and instructions to Plaintiff so that he may comply with this order.

IT IS SO ORDERED.
DATED: December 16, 2013, Honolulu, HI.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

*Shaw v. Louie, et al.*, 1:13-cv-00673 HG/RLP; H: PSA/Scrng/DMP/2013/Shaw 13-673 HG (FTSC); J:\Denise's Draft Orders\HG\Shaw 13-673 HG (FTSC. lv. amd. pros. imm.).wpd